T.C. Memo. 1998-149


UNITED STATES TAX COURT


CALVERT ANESTHESIA ASSOCIATES-PRICHA PHATTIYAKUL, M.D. P.A.,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18857-97R.            Filed April 27, 1998.


Mark C. Kopec, Paul W. Madden, and Herman B. Rosenthal, for
petitioner.

Clare J. Brooks, for respondent.


MEMORANDUM OPINION

LARO, Judge: Respondent moves the Court to dismiss this
case for lack of jurisdiction, alleging that petitioner's
petition for declaratory judgment was not filed within the time

prescribed in section 7476.[1]  Petitioner objects thereto. Petitioner alleges that the petition was timely, and, even if it was not, that respondent has waived the right to challenge the timeliness of the petition, or, alternatively, that the Court should extend the period of time in which the petition had to be filed.  Petitioner alleges that equitable considerations support its position.

Background

Petitioner maintains a money purchase pension plan named the Calvert Anesthesia Associates-Pricha Phattiyakul, M.D. P.A. Money Purchase Pension Plan (the Plan).  On June 13, 1997, respondent issued petitioner by certified mail a final revocation letter stating that the Plan did not meet the requirements of section 401(a) for its plan year ended December 31, 1991, that the trust underlying the Plan (the Trust) was not tax exempt under section 501(a) for the same year, and that respondent was revoking a July 29, 1987, favorable determination letter issued to petitioner in connection with the Plan and the Trust.  The reason stated in the final revocation letter for respondent's action was that petitioner had "failed to provide the information necessary to determine allowable deductions under IRC Sec. 404,

---

[1] Section references are to the applicable provisions of the Internal Revenue Code.

qualification under Sec. 401(a), or the financial condition and operation of the plan."

In a petition that was hand-delivered to this Court on September 15, 1997, and filed on that day, petitioner petitioned the Court for a declaratory judgment as to the status of the Plan. Thereafter, the Court filed the instant motion. Petitioner has responded to this motion by way of an objection, and respondent has responded to petitioner's objection.

## Discussion

In Calvert Anesthesia Associates-Pricha Phattiyakul, M.D. P.A. v. Commissioner, 110 T.C. ___ (1998), an Opinion that we also filed today, the same employer as the instant case petitioned the Court for a declaratory judgment as to the status of its profit sharing plans. The facts of that case are almost identical with the facts of the instant case, but for the fact that the retirement plan here is a money purchase plan.

In Calvert Anesthesia Associates-Pricha Phattiyakul, M.D. P.A. v. Commissioner, supra, we held that section 7476(b)(5) requires that a petition for declaratory judgment be filed within 91 days of the issuance of a final revocation letter, and that equitable considerations do not allow us to expand on this time period. We hold the same here. Because petitioner did not petition the Court for declaratory judgment within this 91 day period, we must dismiss this case.

For the foregoing reasons,

<u>An appropriate order</u>
<u>will be entered</u>.